IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HERMAN DUBOIS,

    Petitioner,

vs.                                        No. 08 CR 1164 MV
                                           No.

UNITED STATES OF AMERICA,

    Respondent.

## MOTION TO CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2225

### I. Introduction

Petitioner, Herman Dubois, through undersigned counsel, Richard Winterbottom, Assistant Federal Public Defender, moves the Court to enter a corrected sentence pursuant to the dictates of *United States v. Johnson*, 135 S.Ct. 2551 (2015). *Welch v. United States* explicitly held that *Johnson* applies retroactively cases on collateral review 136 S.Ct. 1257 (2016).

### II. Procedural History

Mr. Dubois was charged pursuant to Indictment with being a felon in possession of a firearm contrary to 18 U.S.C. § 922(g)(1). On December 20, 2010, Mr. Dubois plead guilty to the one count Indictment. Mr. Dubois was found to be subject to the Armed Career Criminal Act (ACCA). The basis for his eligibility consisted of five felonies. They are: a 1998 robbery in the Second Judicial District Court, Bernalillo County, New Mexico, Case No. D-202-CR-9603639, two counts of aggravated burglary (armed after entering)

and one count of residential burglary (dwelling house) occurring in Thirteenth Judicial District Court, Cibola County, New Mexico, Case No. D-1333-CR-199900058 and burglary of a dwelling house occurring on February 25, 1999, in the Thirteenth Judicial District Court, Cibola County, New Mexico, Case No. D-133-CR-199900060. PSR, ¶ 19. The plea agreement entered by Mr. Dubois recommended a downward departure from the mandatory minimum of 180 months to 144 months. Mr. Dubois agreed to waive any collateral attacks upon his conviction. Doc. 40, ¶ 13. By this motion, however, Mr. Dubois argues that burglary, aggravated burglary, armed after entry, are not crimes of violence after *Johnson.* He also argues that robbery is no longer a crime of violence after *Johnson*. Therefore, none of the five prior convictions upon which his ACCA status and the mandatory minimum sentence of 180 months are applicable. If Mr. Dubois is correct, his guideline sentence will be significantly lower than either the mandatory minimum sentence or the guideline range sentence for an Armed Career Criminal.

### III.   Mr. Dubois' Waiver of Collateral Review

The government may choose not to enforce a stipulation by which the defendant forfeits his right to contest his sentence through a collateral petition. Counsel has been unable to ascertain the position of the Department of Justice or the United States Attorney's office on waivers of collateral relief in cases raising issues under *Johnson.* Furthermore, if the enforcement of a waiver will result in a miscarriage of justice the court may consider the merits of the petition. *United States v. Hahn*, 359 F.3d 1315,1325 (10th Cir. 2004) (en banc). In *Hahn* the Tenth Circuit held that a miscarriage of justice occurs if the "sentence exceeds the statutory maximum." Id. at 1327, quoting *United States v. Elliot*, 264 F. 3d

1171, 1173 (10th Cir. 2001). Under the ACCA, which controlled Mr. Dubois' sentence, he faced a mandatory minimum sentence of 15 years. 18 U.S.C. § 922(c)(1). Without the ACCA enhancement, Mr. Dubois would face a maximum sentence of 10 years. 922(g). Therefore, should he prevail Mr. Dubois' sentence clearly exceeds the statutory maximum sentence for his conviction. To satisfy the miscarriage of justice factor the court held that the "error [must] seriously affect [] the fairness, integrity or public reputation of judicial proceedings [,]" as that test was employed in *United States v. Olono*, 507 U.S. 725,732 (1993)" *Hahn*, 359 F.3d at 1327. Surely enforcing a waiver entered before an unanticipated sea change in the sentencing law which would keep the petitioner incarcerated beyond the current maximum sentence for his crime meets that test.

    In an opinion authored by Judge Tymkovich, The Ninth Circuit also provided an exception to a waiver provision if the sentence as illegal. *United States v. Bohlan*, 495 F.3d 621, 624 (9th Cir. 2016), citing *United States v. Portillo-Cano*, 192 F.3d 1246, 1252 (9th Cir. 1999). Clearly, since Mr. Dubois was sentenced under a provision of law declared by the United States Supreme Court to be unconstitutionally vague, his sentence would be illegal. Since the Government may choose not to enforce the waiver in this exceptional circumstance, the Petitioner will refrain from further argument and await the Government's response.

### IV. Mr. Dubois' Robbery Conviction No Longer Qualifies as a violent felony Under the ACCA.

#### A. New Mexico's robbery statute does not require sufficient force to satisfy the ACCA's "force clause".

The first conviction relied upon to subject Mr. Dubois to the ACCA was a third degree robbery that occurred on April 5, 1991. PSR, ¶ 30. This robbery was committed in New Mexico. New Mexico robbery does not qualify as an enhancing felony under either the force clause or the enumerated crimes clause of 924(e)(1).

New Mexico third-degree robbery does not satisfy the criteria for either of the two non-residual clause categories of "violent felony." The government has the burden to show that it does to justify an ACCA enhancement. *See United States v. Delossantos*, 680 F.3d 1217, 1219 (10th Cir.2012) (government bears the burden to prove a defendant is subject to the ACCA). New Mexico third-degree robbery obviously is not burglary, arson or extortion or involves the use of explosives. Therefore, the "enumerated crimes" clause of the ACCA is inapplicable. *See* 18 U.S.C. § 924(e)(2)(B)(ii).

Since the ACCA's residual clause is unconstitutionally vague, the only remaining section upon which Mr. Dubois can classify under the ACCA is the "force clause" 18 U.S.C. § 924(e)(2)(B)(i). New Mexico robbery as a third degree felony does not have an adequate element the use, attempted use, or threatened use of physical force against the person of another. NMSA § 30-16-2. To commit third-degree robbery, the offender need only use or threaten to use minimal force. The Supreme Court has defined "physical force" as used  § 924(e)(2)(B)(i) as "strong physical force", "a substantial degree of force",

4

"*violent* force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010) (emphasis in original).  Thus, Mr. Dubois' robbery offenses do not require sufficient force to fall within ACCA's "physical force" clause.

In determining whether an offense qualifies as a "violent felony" under the "physical force" clause, sentencing courts must employ the categorical approach.  *United States v. Ramon Silva*, 608 F.3d 663, 669 (10th Cir. 2010).  That approach mandates that courts "'look only to the statutory definitions'—i.e., the elements—of a defendant's prior offenses, and *not* 'to the particular facts underlying those convictions.'"  *Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013) (quoting *Taylor v. United States*, 495 U.S. 575, 600 (1990) (emphasis in original).  Also under that approach, courts presume the defendant's conviction rested upon nothing "more than the least of [the] acts" criminalized by the relevant statutory provision.  *Johnson*, 559 U.S. at 137; *de Leon v. Lynch*, 808 F.3d 1224, 1230 (10th Cir. 2015).

The Supreme Court determined the meaning of "physical force" in the 2010 *Johnson* case.  In that case, the Court addressed whether a violation of Florida's battery statute satisfied the "physical force" clause.  That statute required only any intentional physical contact, no matter how slight.  559 U.S. at 138.  The Court held such a minimal touching did not constitute "physical force" under § 924(e)(2)(B)(i).  *Id.* at 145.  "Physical force" in the ACCA "violent felony" context, the Court explained, means "*violent* force— that is, force capable of causing physical pain or injury to another person."  *Id.* at 140; *Id.*

at 138-45.  Obviously, the slightest physical contact did not come near to matching that definition.

Mr. Dubois New Mexico third-degree robbery offense presents a virtually identical situation.  N.M. Stat. Ann. § 30-16-2 defines third degree robbery as "the theft of anything of value from the person of another or from the immediate control of another by use or threatened use of force or violence."  *See also* NMRA UJI 14-1620.  Under New Mexico law, to constitute robbery the use or threatened use of force must be the lever that separates the thing of value from the victim.  *State v. Martinez*, 513 P.2d 402, 402 (N.M. App. 1973).  "The amount or degree of force is not the determinative factor."  *Id.* at 403.  "[T]he amount of force is immaterial."  NMRA UJI 14-1620, committee commentary.  The force just has to be enough to overcome the "resistance of attachment."  *State v. Curley*, 939 P.2d 1103, 1105 (N.M. App. 1997).

Examples of sufficient force for New Mexico robbery include: snatching an article, such as a pin, that is so attached to a person's clothes as to require some force to remove it, *id.* at 1106; the pickpocket or his or her confederate "jostling" the owner for the purpose of diverting the owner's attention, *id., Martinez*, 513 P.2d at 403, *State v. Segura*, 472 P.2d 387, 387-88 (N.M. App. 1970), *United States v. Reynolds*, 20 M.J. 118, 120 (C.M.A. 1985) (citing *Segura* for that proposition); grabbing the owner's purse and taking it after a struggle when the purse strap breaks, *State v. Verdugo*, 164 P.3d 966, 974 (N.M. App. 2007); grabbing the victim and locking her in a cell, *State v. Pitts*, 700 P.2d 650, 652-53 (N.M. App. 1985); shoving the person's shoulder, *Curley*, 939 P.2d at 1104, 1107; *see also* 4 Charles E. Torcia, *Wharton's Criminal Law* (15th ed. 1996) (cited with approval as

describing the majority rule New Mexico has adopted by *Curley*, 939 P.2d at 1105); *id.,* § 464, n. 81 ("it is . . . robbery to pick a person's pocket . . . while jostling . . . him" (citing *Snyder v. Commonwealth*, 58 SW 422, 422 (Ky. App. 1900)); *id.*, n. 82 (same conclusion for "pushing" (citing *Seymour v. State*, 15 Ind. 288, 290 (1860)); *id.*, n. 83 (citing *Mahoney v. People*, 48 How. Pr. 185, 189-90 (1874) (it is robbery when force is used to divert the victim's attention, "whether the force gave pain or not," as long as it accomplished the theft), *aff'd* 59 NY 659 (1875)).

It is apparent that the least amount of force necessary to commit New Mexico robbery in the third degree is less than the "physical force" to which § 924(e)(2)(B)(i) refers, that is, "strong physical force," "a substantial degree of force," "*violent* force—that is, force capable of causing physical pain or injury to another person." *Johnson*, 559 U.S. at 140 (emphasis in original).

The Ninth Circuit's opinion in *United States v. Dominguez-Maroyoqui*, 748 F.3d 918 (9th Cir. 2014), illustrates this point. In that case, the court found that bumping a person, jolting the arm and shoulder of the person, grabbing the person's jacket or spitting in the person's face does not rise to the level of *Johnson*'s "physical force." *Id.* at 921; *see also United States v. Montes-Flores*, 736 F.3d 357, 368 (4th Cir. 2013) (stranger embracing a young lady or a large man fondling a child does not constitute *Johnson* "physical force"); *United States v. Flores-Cordero*, 723 F.3d 1085, 1087-88 (9th Cir. 2013) (struggling to keep from being handcuffed and kicking an officer do not equal *Johnson* "physical force").

A number of cases have found force during robbery like that required in New Mexico third-degree robbery to be insufficient to amount to *Johnson* "physical force." In

7

*United States v. Hollins*, 514 F. App'x 264 (3rd Cir. 2013), for example, the Third Circuit examined the elements of Pennsylvania robbery. *Id.* at 267-68. According to Pennsylvania law, for conduct to be robbery the "degree of actual force [used] is immaterial, so long as it is sufficient to separate the victim from his property in, on or about his body." *Id.* (quoting *Commonwealth v. Brown*, 484 A. 2d 738, 741 (1984)). That force was not enough to constitute *Johnson*'s "physical force," the Third Circuit held. *Id.* at 268.

The force element of New Mexico third-degree robbery is essentially the same as the force element of Pennsylvania robbery. The amount of force is immaterial. *Martinez*, 513 P.2d at 403; NMRA UJI 14-1620, committee commentary. It only has to be enough to overcome the "resistance of attachment," such as the force needed to snatch a pin attached to a person's clothes. *Curley*, 939 P.2d at 1105, 1106. Thus, *Hollins*' logic leads to the conclusion that New Mexico third-degree robbery does not have "as an element the use, attempted use, or threatened use of physical force against the person of another" under § 924(e)(2)(B)(i).

A number of other federal courts have found the force element of robbery offenses fails to meet the *Johnson* "physical force" standard for reasons similar to those the *Hollins* court expressed. *See United States v. Bell*, ___ F. Supp. 3d ___, 2016 WL 344749, at ** 8-10 (N.D. Cal. Jan. 28, 2016) (no "physical force" element where 18 U.S.C. § 2112 only required enough force to take an item attached to a person or the person's clothes; for example: pulling a key chain and "popping" a leather loop; pushing; kicking an officer and causing a minor scuffle); *United States v. Moncrieffe*, ___ F. Supp. 3d ___, 2016 WL 913391, at ** 16-19 (E.D.N.Y. Mar. 10, 2016) (same conclusion where New York robbery

could be committed by bumping, a brief tug-of-war over property, blocking someone from pursuing the robber, trying to push the victim, or jostling); *United States v. Litzy*, ___ F. Supp. 3d ___, 2015 WL 5895199, at ** 4-5 (S.D.W. Va. Oct. 8, 2015) (same conclusion where an element of Ohio robbery is the use of fear that induces a person to part with property against the person's will and could be committed by ripping a purse from a victim's shoulder and hands, compulsion or constraint); *see also United States v. Castro-Vazquez*, 802 F.3d 28, 37-38 (1st Cir. 2015) (there is a reasonable likelihood Puerto Rico robbery, which requires the "slightest use of force," does not have a "physical force" element); *In re Sealed Case*, 548 F.3d 1085, 1090 (D.C. Cir. 2008) (robbery by force and violence requires a minimal level of force that would not satisfy § 924(e)(2)(B)(i)); *United States v. Bilal*, 610 F. App'x 569, 569-70 (6th Cir. 2015) (Ohio aggravated attempted robbery does not satisfy § 924(e)(2)(B)(i)); *United States v. Carmichael*, 408 F. App'x 769, 770 (4th Cir. 2011) (same conclusion regarding North Carolina common law robbery).

In sum, the 2010 *Johnson* decision, New Mexico and federal case law and common sense establish that Mr. Dubois' New Mexico third-degree robbery offense does not meet the criteria for the ACCA's "physical force" provision. The Tenth Circuit's opinion in *United States v. Lujan*, 9 F.3d 890 (10th Cir. 1993), does not require a different conclusion. In *Lujan*, well before the 2010 *Johnson* decision, the Tenth Circuit said the New Mexico robbery statute has an element that satisfies § 924(e)(2)(B)(i). The court dealt with the issue in one sentence, supporting its conclusion simply by quoting with italics and without explanation the "use or threatened use of force or violence" language of N.M. Stat. Ann. § 30-16-2. The court did not discuss whether New Mexico robbery required a particular

level of force.  It just relied on the similarity between the language of § 30-16-2 and § 924(e)(2)(B)(i).  *Id.* at 892.

There are two reasons why *Lujan* does not govern the question whether Mr. Dubois' robbery offense comports with the "physical force" clause.  First, the *Lujan* court never addressed the issue before this court: whether New Mexico robbery requires the amount of force to which the ACCA's "physical force" clause refers.  The court merely cited § 30-16-2's words without considering if the quantity of force mattered.  *Id.*

State decisis ascribes precedential value only to issues that are actually decided. *United States v. Romero*, 491 F.3d 1173, 1177 (10th Cir.).  "Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedent."  *Id.* (quotations and citations omitted).  If no party argued an issue of law in a particular case, the decision in that case does not constitute precedent with respect to that issue.  *United Food & Commercial Workers Union, Local 1564 of New Mexico v. Albertson's, Inc.*, 207 F.3d 1193, 1199 (10th Cir. 2000).

*United States v. Booker*, 543 U.S. 220 (2005), demonstrates this point.  In that case, the Supreme Court held that imposing a sentence above the maximum sentence permissible under a mandatory sentencing guideline system based on judicial findings of fact violated the Sixth Amendment.  *Id.* at 230-37.  The Court held stare decisis did not require a different conclusion, even though in a number of previous decisions it had let stand sentences that contravened its current ruling.  The Court explained that the defendants in the prior cases had not made the argument that carried the day in the instant case.  *Id.* at

239-41; *see also Brecht v. Abrahamson*, 507 U.S. 619, 631 (1993) ("[S]ince we have never squarely addressed the issue, and have at most assumed the [harmless-error-beyond-a-reasonable-doubt standard], we are free to address the issue on the merits.").

The Tenth Circuit abides by the same principle. *See United States v. Lozado*, 776 F.3d 1119, 1126, n. 3 (10th Cir. 2015) (Tenth Circuit decisions determining declarants made statements against interest were not controlling precedent in the instant case because those decisions did not address whether the declarants were aware of the self-inculpatory nature of their statements or whether a reasonable person would have been aware); *United States v. Heineman*, 767 F.3d 970, 974 (10th Cir. 2014) (prior Tenth Circuit opinion that used a definition of true threat without an element of intent to instill fear did not establish there was no such element because that prior opinion failed to address whether that intent was a required element).

Consequently, since the *Lujan* court did not address the issue, the *Lujan* decision does not stand for the proposition that New Mexico robbery requires enough force to satisfy the ACCA's "physical force" clause. This court is therefore not bound by *Lujan* to reach that conclusion. *See Moncrieffe*, 2016 WL 913391, at * 18 (New York federal district court did not consider itself bound by two Second Circuit cases that found the elements of robbery satisfied § 924(e)(2)(B)(i) in part because neither case addressed the degree of force required under the relevant jurisdiction's law).

Second, a circuit decision is not binding to the extent it is inconsistent with a later Supreme Court decision. *Heineman*, 767 F.3d at 973. The Tenth Circuit decided *Lujan* in 1993, seventeen years before the 2010 *Johnson* decision. As demonstrated above, under

that later *Johnson* decision, which for the first time defined the term "physical force" in § 924(e)(2)(B)(i), New Mexico third-degree robbery does not require the use, attempted use or threatened use of force of sufficient magnitude to meet the ACCA's "physical force" standard. So, even assuming arguendo *Lujan* was ever contrary precedent in that regard, it no longer is. *See Flores-Cordero*, 723 F.3d at 1087-88 (2010 *Johnson* case was controlling, intervening authority that superseded prior circuit precedent that an Arizona resisting-arrest offense satisfies a "physical force" clause); *Hollins*, 514 F. App'x at 267-68 (declining to follow a prior circuit holding that Pennsylvania robbery satisfies the "physical force" element requirement because the 2010 *Johnson* decision cast doubt on the prior decision).

In sum, the *Lujan* case is not an obstacle to this court holding that Mr. Dubois' third-degree robbery offense fails to satisfy the "physical force" element requirements of § 924(e)(2)(B)(i). Since that offense is not a "violent felony" under the ACCA, given the constitutionally-required absence of the residual clause, the district court's imposition of an ACCA sentence in reliance on the residual clause is a due process error.

> **B.    New Mexico's robbery statute does not require the use of threatened use of force elements against the person of another as required by the force clause of 18 U.S.C. § 924(e)(2)(B)(i).**

The force clause of 924(e)(2)(B)(i) requires the use, attempted use, or threatened use of physical force against a person of another. The New Mexico robbery statute does not fit this definition. Robbery in New Mexico is "the theft of anything of value from the person of another or from immediate control of another by threatened use or force or

violence." NMSA § 30-6-2.  New Mexico robbery omits an essential element of the force clause definition.  That is, the force must be against the person of another.  For instance, a robbery might occur if the perpetrator threatens the possessor of property that he will shoot the victim's dog unless he gives him his wallet.  That is force, but not force against the person of another.  Another example might be that the robber threatens to spray paint the victim's car if she does not turn over her purse.  That is force and a robbery in New Mexico, but it does not entail force against a person of another.  Therefore, under the categorical approach, the absence of the force against the person of another in the New Mexico robbery statute critically distinguishes it from the force clause of 18 U.S.C. § 924(e)(2)(B)(i).

### V. Mr. Dubois' Convictions for Burglaries and Aggravated Burley are no Longer Violent Felonies Under the ACCA.

#### A. New Mexico Burglary Is Broader than *Taylor* Generic Burglary and Thus Does Not Qualify as a Crime of Violence for Purposes of 18 U.S.C. § 924(e).

Mr. Dubois' four remaining felony offenses use to classify him under the ACCA were burglaries of a dwelling house.  PSR, ¶ 32, 33.

Following *Johnson*, Mr. Dubois can qualify as an armed career criminal only if his prior New Mexico convictions for burglary of a dwelling have an element of use of force against the person of another or is an enumerated offense, namely burglary, arson or extortion, or involves use of explosives. 18 U.S.C. § 924(e)(2)(B).

The New Mexico burglary statute states:

> Burglary consists of the unauthorized entry of any vehicle, watercraft, aircraft, dwelling or other structure, movable or immovable, with the intent to commit any felony or theft therein.
>
> > A. Any person who, without authorization, enters a dwelling house with intent to commit any felony or theft therein is guilty of a third degree felony.
> >
> > B. Any person who, without authorization, enters any vehicle, watercraft, aircraft or other structure, movable or immovable, with intent to commit any felony or theft therein is guilty of a fourth degree felony.

NMSA 1978, § 30-16-3 (2003). It does not include any element of use of force and thus does not qualify as a crime of violence under the force prong of ACCA.

The offense also does not qualify as generic burglary. *Taylor* states that burglary is defined as "any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 599 (1990). Because New Mexico burglary applies to vehicles, watercrafts, and aircrafts, whether movable or immovable, it is facially broader than *Taylor* burglary.

New Mexico burglary of a dwelling is also broader than *Taylor* burglary because New Mexico defines "dwelling house" broadly. "A 'dwelling house' is any structure, any part of which is customarily used as living quarters." NMRA, Crim. UJI 14-1631. The term "other structure" is defined to "require an enclosure similar to a vehicle, watercraft, aircraft, or dwelling." *State v. Foulenfont*, 119 N.M. 1329, 1333 (N.M. Ct. App. 1995). Thus, a conviction under New Mexico law for "burglary of a dwelling" does not necessarily mean

that the burglary occurred in a building or structure within the meaning of *Taylor*; it could apply burglary of a car in which someone is living.

Before the holding in *Johnson*, the Supreme Court had held that the Florida offense of attempted burglary was a violent felony for purposes of the Armed Career Criminal Act because it was "of a type that, by its nature, presents a serious potential risk of injury to another." *James v. United States*, 550 U.S. 192, 209 (2007). Thus, even if Mr. Dubois had challenged the categorization of his New Mexico offenses as not meeting the *Taylor* definition of burglary, they would nonetheless have qualified as violent felonies under residual clause. *See United States v. Coleman*, 655 F.3d 480 (6th Cir. 2011) (convictions under Ohio's third-degree burglary statute constituted violent felonies under ACCA; although the Ohio statute was broader than generic burglary, it created a risk of serious physical injury that was similar to the risk posed by generic burglary); *United States v. Brown*, 516 Fed. Appx. 461 (6th Cir. 2013) (Tennessee non-residential burglary conviction qualified as ACCA predicate under residual clause). Now, however, because Mr. Dubois prior convictions must meet the requirements of either the element-of-use-of-force or the enumerated offense clause, and they do not, he is not an armed career criminal.

### V.  Conclusion

Mr. Dubois is entitled to relief under 28 § 2255 because, in light of *Johnson*, his sentence violates due process of law.  This Court should vacate his erroneous ACCA sentence and resentence him without the ACCA enhancement.

I HEREBY CERTIFY THAT on June 22, 2016, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

AUSA Kimberly Brawley.

 */s/ filed electronically*

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
111 Lomas Blvd., NW, Suite 501
Albuquerque, NM 87102
(505) 346-2489


     */s/ filed electronically*
RICHARD WINTERBOTTOM, AFPD
Attorney for Petitioner