IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

          Plaintiff/Respondent,

vs.                                 Nos.    CR 08-1164 MV
                                              CIV 16-0630 MV/LF

HERMAN DUBOIS,

          Defendant/Movant.

**PROPOSED FINDINGS OF FACT AND RECOMMENDED DISPOSITION**

THIS MATTER comes before the Court on Herman Dubois' Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255. Doc. 48.[1] The Honorable Martha Vázquez referred this case to me to recommend to the Court an ultimate disposition of the case. No. CIV 16-0630 MV/LF, Doc. 2. Having reviewed the submissions of the parties and the relevant law, I recommend that the Court deny Dubois' motion.

**I.**         **Background Facts and Procedural Posture**

On December 20, 2010, Dubois pled guilty to an indictment that charged him with being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). *See* Docs. 2, 38, 40. The probation officer who prepared Dubois' presentence report ("PSR") determined that Dubois' base offense level was 24 under USSG[2] § 2K2.1(a)(2) because he committed the offense after having sustained at least two prior felonies that were crimes of violence. PSR ¶ 19. Dubois received a two-level enhancement pursuant to USSG

_____

[1] Citations to "Doc." are to the document number in the criminal case, case number CR 08-1164 MV, unless otherwise noted.

[2] Dubois was sentenced using the 2010 version of the Sentencing Guidelines. *See* PSR ¶ 18. All references to the Guidelines are to the 2010 version unless otherwise noted.

§ 2K1.1(b)(4)(A) because the firearm was stolen.  PSR ¶ 20.  He received a four-level enhancement pursuant to USSG § 2K2.1(b)(6) because he possessed the firearm in connection with another felony offense, specifically, receiving stolen property over $500.  PSR ¶ 21.  He received a two-level enhancement pursuant to USSG § 3C1.1 for obstruction of justice because he tried to convince his girlfriend to claim that the firearm was hers.  PSR ¶ 24; *see also* Doc. 40 at 5.  Thus, without the armed career criminal enhancement, Dubois' adjusted offense level would have been 32.  PSR ¶ 25.

However, because Dubois had three prior violent felony convictions, the probation officer determined that Dubois was subject to an enhanced sentence as an armed career criminal under USSG § 4B1.4 and 18 U.S.C. § 924(e).  PSR ¶ 26.  As a result, Dubois' offense level became 33.  *Id.*  He received a three-level reduction for acceptance of responsibility under USSG § 3E1.1.  PSR ¶ 27.  His total offense level was 30, and his history category was IV, which resulted in an advisory guideline sentencing range of 135 to 168 months in prison.  PSR ¶¶ 27, 36, 91.  But because Dubois was considered an armed career criminal under 18 U.S.C. § 924(e)(1), he was subject to a mandatory minimum sentence of 180 months in prison, and his guideline imprisonment sentence therefore was 180 months.  PSR ¶ 91.

Neither party objected to the PSR.  *See* Doc. 45.  Pursuant to the plea agreement, the government filed a motion for downward departure, which the Court granted.  *See* Docs. 43, 44.  On May 12, 2011, the Court sentenced Dubois to 144 months in prison.  Docs. 45, 46.  The Court entered its judgment on May 16, 2011.  *See* Doc. 46.

On June 22, 2016, Dubois filed a Motion to Vacate and Correct Sentence Pursuant to 28 U.S.C. § 2255 (and *Johnson v. United States*).  Doc. 48.  The government filed its response on

October 31, 2016, Doc. 59, and Dubois filed his reply on February 3, 2017, Doc. 61. Pursuant to the Court's order, the parties filed supplemental briefs on November 13, 2017. Docs. 67, 71, 72.

## II.     Dubois' Claims and the Government's Response

Dubois argues that his prior robbery conviction and his four prior burglary convictions under New Mexico law no longer qualify as violent felonies under the Armed Career Criminal Act (ACCA). Doc. 48 at 4–15. He argues that because the Supreme Court held in *Johnson* that the ACCA's "residual clause" is unconstitutionally vague, he no longer has three prior felony convictions that qualify as violent felonies under either the "elements clause" or the "enumerated crimes clause" of the ACCA.[3] *See id.* In response, the government does not rely on Dubois' prior robbery conviction. Instead, the government argues that Dubois has at least three prior burglary convictions that still qualify as violent felonies under the ACCA. Doc. 59 at 2–13.

On October 10, 2017, I directed the parties to file simultaneous supplemental briefs to address the Tenth Circuit's decision in *United States v. Snyder*, 871 F.3d 1122 (10th Cir. 2017). Doc. 67. In *Snyder*, the Tenth Circuit held that "it may be possible to determine that a sentencing court did <u>not</u> rely on the residual clause—even when the sentencing record alone is unclear—by looking to the relevant background legal environment[4] at the time of sentencing." *Id.* (quoting *United States v. Geozos*, 870 F.3d 890, 896 (9th Cir. 2017)). The court further held

---

[3] Dubois also argues that the collateral attack waiver in his plea agreement does not bar his claim because he is asserting that his sentence exceeds the statutory maximum sentence. Doc. 48 at 2–3. The government does not seek to enforce Dubois' collateral attack waiver. *See generally* Doc. 59. The Court agrees that enforcement of the collateral attack waiver would result in a miscarriage of justice *if* Dubois received a sentence above the statutory maximum sentence based on the residual clause of the ACCA. *See United States v. Hahn*, 359 F.3d 1315, 1327 (10th Cir. 2004) (en banc). Thus, the Court will address the merits of Dubois' claim.

[4] "[T]he relevant background legal environment is, so to speak, a 'snapshot' of what the controlling law was at the time of sentencing and *does not* take into account post-sentencing decisions that may have clarified or corrected pre-sentencing decisions." *Snyder*, 871 F.3d at 1129 (emphasis added).

that Snyder was not entitled to relief because it was clear, based on the relevant legal background, that "there would have been little dispute at the time of Snyder's sentencing that his two Wyoming burglary convictions involving occupied structures fell within the scope of the ACCA's enumerated crimes clause"—not the residual clause. *Id.* I asked the parties to address the question of whether, based on the relevant legal background in place when Dubois was sentenced, the Court could determine that the he was not sentenced using the ACCA's residual clause. *See* Doc. 67.

The parties filed their supplemental briefs on November 13 and 14, 2017. Docs. 71, 72. In his supplemental brief, Dubois urges the Court to limit *Snyder* to its facts and refuse to extend its reasoning to his situation because it would perpetuate a misapplication of the law. *See* Doc. 71. The government argues that, under *Snyder*, the Court can consider the law in effect when Dubois was sentenced, and that binding precedent at that time established that his prior burglary convictions constituted violent felonies. Doc. 72. Thus, the government urges the Court to conclude that the sentencing judge relied on the enumerated crimes clause in determining that Dubois qualified for the ACCA. *See id.* at 5.

Without considering *Snyder*, I find that Dubois' prior residential burglary convictions are violent felonies under the ACCA, but I am not convinced that his robbery conviction and his aggravated burglary convictions still are violent felonies. However, considering the relevant legal background when Dubois was sentenced and the record of his sentencing, I find that the Court relied on Dubois' burglary convictions and sentenced Dubois under the enumerated crimes clause of the ACCA, not the residual clause. Dubois therefore is not entitled to relief. I recommend that the Court deny his motion.

**III.    Discussion**

A.      The Supreme Court's Decision in *Johnson II*.

The ACCA provides, in pertinent part, that "[i]n the case of a person who violates section 922(g) of this title and has three previous convictions . . . for a violent felony . . . committed on occasions different from one another, such person shall be . . . imprisoned not less than fifteen years . . . ."  18 U.S.C. § 924(e)(1).  "[T]he term 'violent felony' means any crime punishable by imprisonment for a term exceeding one year . . . that—(i) has as an element the use, attempted use, or threatened use of physical force against the person of another [the "elements clause"]; or (ii) is burglary, arson, or extortion, involves use of explosives [the "enumerated crimes clause"], or otherwise involves conduct that presents a serious potential risk of physical injury to another [the "residual clause"] . . . ."  18 U.S.C. § 924(e)(2)(B).  In *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015), the Supreme Court struck down the residual clause as unconstitutionally vague, but it left intact the elements clause and the enumerated crimes clause.  The following year the Court held that *Johnson* announced a substantive rule that applied retroactively on collateral review.  *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016).  Thus, the issue before the Court in this case is whether Dubois was sentenced under the residual clause of the ACCA. If he was not, he is not entitled to relief under *Johnson*.  *Snyder*, 871 F.3d at 1130.

Dubois has five prior felony convictions that potentially qualify as violent felonies under the ACCA.  *See* PSR ¶ 26; Doc. 48 at 4–15; Doc. 59 at 1–13 & Exhs. 1–3.  They are robbery, two convictions for burglary of a dwelling house, and two convictions for aggravated burglary (armed after entering), all under New Mexico law.  *See* PSR ¶¶ 26, 30, 32, 33.  For the robbery conviction to qualify as a violent felony, it must satisfy the elements clause of the ACCA.  *See* Doc. 48 at 4–13.  For the burglary convictions to qualify as violent felonies, they must constitute generic burglary under *Taylor v. United States*, 495 U.S. 575, 599 (1990).  *See* Doc. 48 at 13–15;

Doc. 59 at 2–13.  The Court must apply the "categorical approach" to determine whether a prior conviction falls within the ACCA's elements clause or the enumerated crimes clause.  *Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013); *Taylor*, 495 U.S. at 599–602.  To further complicate matters, the Tenth Circuit's recent decision in *Snyder*, 871 F.3d 1122, permits the Court to examine the state of the law at the time Anzures was sentenced to determine whether it's clear that the Court did <u>not</u> rely on the residual clause in sentencing him.

B. <u>Whether Robbery Under New Mexico Law Qualifies as a Violent Felony Under the ACCA is Unclear; the Court Should Follow its Prior Decision Finding that Robbery is not a Violent Felony.</u>

To determine whether a crime falls within the elements clause, the categorical approach requires that the Court look only to the elements of the statute under which the defendant was convicted, not at the facts underlying the prior conviction.  *See Mathis v. United States*, 136 S. Ct. 2243, 2253 (2016); *Descamps*, 133 S. Ct. at 2283.  If the "least of the acts criminalized" by the statute do not have as an element the actual, attempted, or threatened use of violent force against another person, then the defendant's conviction under that statute is not a violent felony within the meaning of the elements clause.  *Moncrieffe v. Holder*, 569 U.S. 184, 191 (2013) (internal quotation and bracket omitted); 18 U.S.C. § 924(e)(2)(B)(i).  Thus, when applying the categorical approach, the Court must identify the least culpable conduct prohibited by the statute of conviction and presume that the defendant's conviction rested on nothing more than this conduct.  *Moncrieffe*, 569 U.S. at 191.  To identify the least culpable conduct, the Court looks to how state courts interpret the statute.  *See United States v. Harris*, 844 F.3d 1260, 1264 (10th Cir. 2017) ("state law defines the substantive elements of the crime of conviction").  As part of this step, the Court must analyze "the version of state law that the defendant was actually convicted of violating."  *McNeill v. United States*, 563 U.S. 816, 821 (2011).

The Supreme Court held in an earlier *Johnson* case—*Johnson v. United States*, 559 U.S. 133, 140 (2010)[5]—that the term "physical force" as used in the elements clause of the ACCA "means *violent* force—that is, force capable of causing physical pain or injury to another person." (Emphasis in original.) Nonetheless, the force required to satisfy that element need not be sufficient to cause serious injury—it "might consist . . . of only that degree of force necessary to inflict pain—a slap in the face, for example." *Id.* at 143. Therefore, in evaluating whether Dubois' prior robbery conviction under New Mexico law constitutes a violent felony under the ACCA, the Court first must consider whether the state statute that he violated necessarily proscribes conduct that "has as an element the use, attempted use, or threatened use of" violent force against the person of another. If so, it is categorically a "violent felony" under the elements clause of the ACCA.

If, however, the statutory definition of robbery under New Mexico law is broader than the ACCA's definition of "violent felony," and if the statute is "divisible," the Court then will apply what is known as a "modified-categorical approach." *United States v. Ramon Silva*, 608 F.3d 663, 669 (10th Cir. 2010); *see also Mathis*, 136 S. Ct. at 2249, 2256. Under this approach, the Court should consult "charging documents and documents of conviction to determine whether the defendant in a particular case was convicted of an offense that qualifies as a violent felony." *Ramon Silva*, 608 F.3d at 669 (internal quotation marks omitted).

New Mexico's robbery statute provides:

> Robbery consists of the theft of anything of value from the person of another or from the immediate control of another, *by use or threatened use of force or violence*.

---

[5] To avoid confusion, this case will be referred to as *Johnson I* to distinguish it from the 2015 *Johnson* opinion striking down the residual clause of the ACCA (hereinafter referred to as *Johnson II*).

> Whoever commits robbery is guilty of a third degree felony.
>
> Whoever commits robbery while armed with a deadly weapon is, for the first offense, guilty of a second degree felony and, for second and subsequent offenses, is guilty of a first degree felony.

N.M. STAT. ANN. § 30-16-2 (emphasis added). Dubois asserts, and the government does not contest, that he was convicted of third degree, or simple, robbery. Doc. 48 at 4.

Whether simple robbery in New Mexico qualifies as a violent felony under the ACCA is not clear cut. At least three judges in this district have held that it is a violent felony, and three judges—including Judge Vásquez—have held that it is not. *Compare Rhoads v. United States*, CIV 16-325 JCH/GBW, Doc. 17 (Jan. 25, 2017) (Judge Wormuth's Proposed Findings and Recommended Disposition (PF&RD) finding that simple robbery is a violent felony); Doc. 20 (Apr. 5, 2017) (Judge Herrera's order adopting PF&RD); *Garcia v. United States*, CIV 16-240 JB/LAM, Doc. 37, 2017 WL 2271421, at *21–27 (D.N.M. Jan. 31, 2017) (Judge Browning holding that simple robbery is a violent felony) *with King v. United States*, CIV 16-501 MV/KK, Docs. 12, 15, 2016 WL 8809051, 17 WL 1506765 (Judge Khalsa's PF&RD and Supplemental PF&RD finding that simple robbery is not a violent felony) (D.N.M. Dec. 1, 2016 & Feb. 17, 2017); *King v. United States*, CIV 16-501 MV/KK, Doc. 18, 2017 WL 1506766 (D.N.M. Mar. 31, 2017) (Judge Vazquez's order adopting PF&RD); *Garcia v. United States*, CIV 16-240 JB/LAM, Doc. 30 (Nov. 1, 2016) (Judge Martinez's Amended PF&RD finding that simple robbery is not a violent felony); *see also Hurtado v. United States*, CIV 16-646 JAP/GJF, Doc. 17 (Jan. 11, 2017) (Judge Fouratt's PF&RD finding that simple robbery qualifies as crime of violence under the Guidelines); *Contreras v. United States*, CIV 16-671 RB/SMV, Doc. 12 (Dec. 6, 2016) (Judge Vidmar's PF&RD finding that simple robbery qualifies as crime of violence under the Guidelines). The guidance provided by the Tenth Circuit addressing other states'

robbery statutes also does not provide a clear answer. *Compare United States v. Harris*, 844 F.3d 1260, 1266–70 (10th Cir. 2017) (holding that robbery under Colorado law is a violent felony under the ACCA) *with United States v. Nicholas*, 686 F. App'x 570, 574–77 (10th Cir. 2017) (holding that robbery under Kansas law is not a violent felony under the ACCA).

The Tenth Circuit has granted a certificate of appealability in the *Garcia* case based in part on the disagreement between the judges in this District. *See* Tenth Cir. Case No. 17-2019, Doc. 01019821866 (Jun. 7, 2017). The briefing in *Garcia* was completed on August 21, 2017. Thus, the Tenth Circuit will resolve the question of whether simple robbery in New Mexico is a violent felony under the ACCA. My view on the topic—especially in light of the government's failure to address this issue—will be of little use. Therefore, I recommend that Judge Vázquez follow her earlier opinion in *King* unless and until the Tenth Circuit holds that simple robbery under New Mexico law qualifies as a violent felony under the ACCA.

C. Dubois' Prior Residential Burglary Convictions Currently Qualify as Violent Felonies Under the ACCA.

In *Taylor*, the Supreme Court held that an offense constitutes "burglary" under § 924(e) if, regardless of its exact definition, it has the basic elements of a "generic" burglary—i.e., an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime. 495 U.S. at 599. In determining whether a defendant's prior conviction meets this generic definition of burglary, the Court employs the categorical approach, which "look[s] only to the fact of conviction and the statutory definition of the prior offense." *Id*. at 602. If the statutory definition of the prior conviction "substantially corresponds to 'generic' burglary," the inquiry is at an end. *Id*. If the statutory definition of the prior conviction proscribes a range of conduct that is broader than generic burglary, the Court applies the modified-categorical approach, which "go[es] beyond the mere fact of conviction" and determines whether "the

charging paper and jury instructions actually required the jury to find all the elements of generic burglary in order to convict the defendant." *Id.* In "pleaded cases," the Court looks to "the statement of factual basis for the charge, shown by a transcript of plea colloquy or by a written plea agreement presented to the court, or by a record of comparable findings of fact adopted by the defendant upon entering the plea." *Shepard v. United States*, 544 U.S. 13, 20 (2005).

Dubois has two prior 1999 residential burglary convictions in New Mexico. *See* PSR ¶¶ 26, 32–33; Doc. 59, Exhs. 1–3. New Mexico defines burglary as follows:

> Burglary consists of the unauthorized entry of any vehicle, watercraft, aircraft, dwelling or other structure, movable or immovable, with the intent to commit any felony or theft therein.
>
> A. Any person who, without authorization, enters a dwelling house with intent to commit any felony or theft therein is guilty of a third degree felony.
>
> B. Any person who, without authorization enters any vehicle, watercraft, aircraft or other structure, movable or immovable, with intent to commit any felony or theft therein is guilty of a fourth degree felony.

N.M. STAT. ANN. § 30-16-3. Because the statute differentiates between third degree felonies in subsection A and fourth degree felonies in subsection B, it is divisible. *Mathis*, 136 S. Ct. at 2256 ("If statutory alternatives carry different punishments, then under *Apprendi* they must be elements.").

Dubois was convicted of burglary in violation of N.M. STAT. ANN. § 30-16-3(A). *See* Docs. 59-1 at 2, 59-2 at 1, 59-3 at 1 (indictments and judgment showing offenses to which Dubois pled guilty). Section 30-16-3(A) requires proof that the defendant entered a dwelling without authorization with the intent to commit a theft or other felony when inside. N.M. STAT. ANN. § 30-16-3(A); *see also* N.M. R. ANN., CRIM. UJI 14-1630 (essential elements instructions for burglary). "A 'dwelling house' is any structure, any part of which is customarily used as living quarters." N.M. R. ANN., CRIM. UJI 14-1631. Thus, the essential elements of burglary

under New Mexico law are nearly identical to generic burglary as defined by the Supreme Court in *Taylor*, that is, the "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." 495 U.S. at 599.

Dubois argues that New Mexico's burglary statute is broader than generic burglary because the definition of a "dwelling house" is broader than a "structure" as used in the generic definition of burglary. Doc. 61 at 1–9. He reasons that because the term "structure" under New Mexico law includes movable structures, including mobile homes and trailers, the term "dwelling" includes structures that fall outside the generic definition of burglary. *See id.* at 3–4. He asserts that the Supreme Court has made clear that a "structure" must be an "enclosed space" that cannot be movable. *See id.* at 6. Because residential burglary in New Mexico can encompass the burglary of a mobile home or movable trailer, Dubois argues that it cannot constitute generic burglary under the ACCA. *See id.* at 3–7. I disagree.

At least five judges in this District already have rejected the precise arguments Dubois raises here, including Judge Vázquez. *See Turrieta v. United States*, CIV 16-0395, Doc. 10, 2016 WL 9819521 (D.N.M. Oct. 28, 2016) (holding that New Mexico residential burglary is generic burglary (Judge Parker)); *Tolentino v. United States*, CIV 16-0583 MV/LAM, Doc. 12, 2017 WL 3142501 (D.N.M. Feb. 17, 2017) (same) (Judge Martinez's PF&RD), Doc. 16, 2017 WL 3149418 (D.N.M. June 12, 2017) (same) (Judge Vázquez' order adopting PF&RD); *Sanchez v. United States*, CIV 15-1188 JB/SMV, Doc. 17 (Dec. 23, 2016) (same) (Judge Vidmar's PF&RD), Doc. 23 (Apr. 30, 2017) (Judge Browning's order adopting PF&RD); *see also United States v. Alires*, 2017 WL 2297095, at *12–18 (D.N.M. May 1, 2017) (unpublished) (holding that residential burglary under New Mexico law qualifies as a violent felony under the ACCA's enumerated crimes clause). On November 28, 2017, the Tenth Circuit affirmed Judge Parker's

rejection of Turrieta's arguments. It held, in a published opinion, that "Mr. Turrieta's convictions for residential burglary [under New Mexico law] match the generic form of burglary" and therefore are categorically violent felonies under the enumerated crimes clause of the ACCA. *United States v. Turrieta*, — F.3d —, 2017 WL 5709612, *6 (10th Cir. 2017). As this decision is binding on this Court, I recommend that Judge Vázquez follow her prior decision in *Tolentino* and the Tenth Circuit's decision in *Turrieta*, and hold that Dubois' prior residential burglary convictions are categorically violent felonies under the enumerated crimes clause of the ACCA.

D. The Tenth Circuit's Decision in *Snyder* and Its Effect on this Case

After Dubois filed his motion and the parties had completed their briefing, the Tenth Circuit issued its opinion in *United States v. Snyder*, 871 F.3d 1122 (10th Cir. 2017). In *Snyder*, the defendant argued—just as Dubois argues here—that his prior burglary convictions "cannot sustain the ACCA sentencing enhancement." 871 F.3d at 1128. The Tenth Circuit determined that this argument "necessarily implies that the district court, in sentencing Snyder under the ACCA, concluded that his prior burglary convictions fell within the scope of the ACCA's residual clause," not the enumerated crimes clause. *Id.* The district court that considered Snyder's 2255 petition "found, as a matter of historical fact, that it did not apply the ACCA's residual clause in sentencing Snyder under the ACCA," and instead sentenced Snyder based on the enumerated crimes clause. *Id.*

The Tenth Circuit agreed with the district court that whether Snyder was sentenced under the residual clause was a finding, but noted that it was a finding that was based largely on legal conclusions. *Id.* at 1128–29. Thus, the court held that "it may be possible to determine that a sentencing court did <u>not</u> rely on the residual clause—even when the sentencing record alone is

unclear—by looking to the relevant background legal environment at the time of sentencing." *Id.* at 1128 (quoting *Geozos*, 870 F.3d at 896). Based on this analysis, the court held that Snyder was not entitled to relief because it was clear, based on the relevant legal background, that "there would have been little dispute at the time of Snyder's sentencing that his two Wyoming burglary convictions involving occupied structures fell within the scope of the ACCA's enumerated crimes clause"—not the residual clause. *Id.*

Here, Dubois was sentenced in May 2011, less than a year after the Tenth Circuit's decision in *Ramon Silva*, 608 F.3d 663. In *Ramon Silva*, the court examined the same New Mexico burglary statute at issue in Dubois' prior residential burglary convictions. *See id.* at 665 (examining N.M. STAT. ANN. § 30-16-3). The statute at issue in *Ramon Silva* also is identical to New Mexico's aggravated burglary statute except for the aggravating factors. *Compare* N.M. STAT. ANN. § 30-16-3 *with* § 30-16-4. In *Ramon Silva*, the court held that because New Mexico's burglary statute was broader than generic burglary, it would employ the modified categorical approach to determine the character of the defendant's burglary. 608 F.3d at 665–66. And because the indictment charged the defendant with entering "a structure, a shed," his crime constituted generic burglary. *Id.* at 666. The defendant therefore was subject to the ACCA's enhanced sentencing provisions under the enumerated crimes clause. *Id.* at 668–69.

Although the court in *Snyder* noted that this type of analysis "has since been abrogated by the Supreme Court's decision in *Mathis v. United States*, — U.S. —, 136 S. Ct. 2243 (2016)," *Snyder*, 871 F.3d at 1129 n.4, it would have been the analysis that the district court would have been required to employ when Dubois was sentenced. Thus, the question becomes whether, given the Tenth Circuit's decision in *Ramon Silva*, there is any dispute that when Dubois was sentenced, his four prior burglary convictions—both residential and aggravated—fell within the

scope of the ACCA's enumerated crimes clause, not the residual clause. The Court ordered the parties to file simultaneous supplemental briefing on this issue, which they did on November 13 and 14, 2017. Docs. 67, 71, 72.

In his supplemental brief, Dubois does not contest that all four of his prior burglary convictions would have fallen within the enumerated crimes clause of the ACCA when he was sentenced. *See generally* Doc. 71. He instead argues that the Court should not apply the analysis in *Snyder* to this case because *Snyder* should be limited to its facts, and because its application here would perpetuate a misapplication of the law. *Id.* at 2–6. He asserts that the Tenth Circuit has held that courts can correct sentencing mistakes based on post-sentencing opinions by the Supreme Court. *Id.* at 6–7. He further argues that the Court should disregard *Snyder* because it misapplied the Ninth Circuit's decision in *Geozos*, on which it relied. *Id.* at 7–10. In contrast, the government argues that based on the reasoning of *Snyder*, all of Dubois' prior burglary convictions—both residential and aggravated—would have constituted generic burglary when Dubois was sentenced. *See* Doc. 72. For the following reasons, I agree with the government that when Dubois was sentenced, there is no question that the Court relied on the enumerated crimes clause of the ACCA to enhance his sentence. Because he was not sentenced under the residual clause, he is not entitled to relief under *Johnson II*.

1. *There is No Question that Dubois' Residential Burglary Convictions Fell Within the Enumerated Crimes Clause of the ACCA when Dubois was Sentenced.*

Although the Tenth Circuit has just held that New Mexico residential burglary still constitutes a violent felony under the enumerated crimes clause of the ACCA, *see Turrieta*, — F.3d —, 2017 WL 5709612, the relevant legal background makes obvious that Dubois' residential burglary convictions also clearly fell within the enumerated crimes clause in 2011, when Dubois was sentenced. In *Ramon Silva*, decided in 2010, the court examined the same

statute that is at issue in this case, although it focused on subsection B, not subsection A. *See Ramon Silva*, 608 F.3d at 665. The court noted that "New Mexico courts have interpreted the phrase 'other structure' in subsection B 'to require an enclosure similar to a vehicle, watercraft, aircraft, or dwelling.'" 608 F.3d at 665 (quoting *State v. Foulenfont*, 1995-NMCA-028, ¶ 11, 119 N.M. 788, 791, 895 P.2d 1329, 1332). And because N.M. Stat. Ann. § 30-16-3(B) included conduct beyond the generic definition of burglary, the court employed the modified categorical approach (as understood in 2010) and examined the "charging document, plea agreement, and plea colloquy to determine the character of [the defendant's] admitted burglary." *Id.* at 665–66 (internal quotation marks omitted).

The indictment to which Ramon Silva pled guilty charged him with "enter[ing] a structure, a shed." *Id.* at 666. The defendant argued that a shed did not "satisfy the 'building or other structure' element in generic burglary" because it was not designed for human habitation or business and was not permanent. *Id.* The court rejected this argument. It reasoned that Supreme Court precedent and its own cases made clear that the "building or structure" element of generic burglary was broad, and included "both buildings and less complete structures." *Id.* at 668 (emphasis and internal quotation marks omitted). It included "a building or other place designed to provide protection for persons or property against weather or intrusion, but does not include vehicles or other conveyances whose primary purpose is transportation." *Id.* (quoting *United States v. Cummings*, 531 F.3d 1232, 1235 (10th Cir. 2008). The court held "that the 'building or other structure' element in generic burglary encompasses those burglaries that have been 'committed in a building or enclosed space . . ., not in a boat or motor vehicle.'" *Id.* at 668–69 (quoting *Shepard v. United States*, 544 U.S. 13, 16 (2005)).

Applying the analysis of *Ramon Silva* to this case, there can be little doubt that when Dubois was sentenced, his residential burglary convictions fell within the scope of the ACCA's enumerated crimes clause. If the sentencing court had found that residential burglary was broader than generic burglary and not categorically a violent felony, it would have examined the charging documents, plea agreements, and plea colloquies to determine the character of Dubois' admitted burglaries. *Ramon Silva*, 608 F.3d at 665–66. Dubois pled guilty to two counts of residential burglary in two different indictments. *See* Docs. 59-1 (indictment), 59-2 (indictment), 59-3 (judgment listing crimes to which Dubois pled guilty); PSR ¶¶ 32, 33. One count charged him with "enter[ing] the dwelling house of Frank Corgan located at 820 Austin[], without authorization or permission, with intent to commit any a theft therein," in violation of N.M. STAT. ANN. § 30-16-3(A). Doc. 59-1 at 2; Doc. 59-3 at 1. The other count to which he pled guilty charged him with "enter[ing] the dwelling house of John A. Jaeger, located at Cantina Acres Cibola County Road 19, without authorization or permission, with intent to commit a theft or felony therein," also in violation of N.M. STAT. ANN. § 30-16-3(A). Doc. 59-2 at 1, Doc. 59-3 at 1. New Mexico law defines a dwelling house as "any structure, any part of which is customarily used as living quarters." N.M. R. ANN., CRIM. UJI 14-1631. Thus, by definition, the places Dubois entered were structures designed to protect persons against weather or intrusion, and were not boats, vehicles, airplanes, or other conveyances whose primary purpose was transportation. There can be no doubt that under the law as it existed in 2011, Dubois' residential burglary convictions constituted generic burglary. The sentencing court did not rely on the residual clause in determining that Dubois' prior residential burglary convictions were violent felonies under the ACCA.

2. *There is No Question that Dubois' Aggravated Burglary Convictions Also Fell Within the Enumerated Crimes Clause of the ACCA when Dubois was Sentenced.*

It is unclear whether Dubois' aggravated burglary convictions would qualify as generic burglary under current law. The regular burglary statute, which imposes a different penalty for the burglary of a dwelling house as opposed to the burglary of other structures, makes the location of a "dwelling house" an element of the crime. *See* N.M. STAT. ANN. § 30-16-3. In contrast, the aggravated burglary statute lists various structures that can be burgled, but it imposes the same penalty on all of them. *See* N.M. STAT. ANN. § 30-16-4. Because the list includes vehicles, watercraft, and aircraft in addition to dwellings and other structures, it is broader than generic burglary. *See Ramon Silva*, 608 F.3d at 665–66. Under the Supreme Court's 2016 decision in *Mathis*, it is not clear whether committing aggravated burglary by entering a vehicle as opposed to a dwelling are different *means* of committing the same crime, or *elements* of different crimes. *Mathis*, 136 S. Ct. at 2250, 2254 (Iowa burglary "statute defines one crime, with one set of elements, broader than generic burglary—while specifying multiple means of fulfilling its locational element"; sentencing court erred in applying modified categorical approach to determine the means by which defendant committed the crime (i.e., the location burgled)); *see also United States v. Barela*, CV 16-0339 JAP/LAM, Doc. 22 (Feb. 28, 2017) (Judge Parker applied the analysis set forth in *Mathis* to hold that the defendant's prior convictions for commercial burglary under N.M. STAT. ANN. § 30-16-3(B) did not constitute generic burglary).

The Court need not decide whether Dubois' convictions for aggravated burglary currently qualify as violent felonies under the ACCA as there is no question that they did in 2011, when Dubois was sentenced. The analysis as to whether Dubois' aggravated burglary convictions were violent felonies under the law as it existed in 2011 is similar to the analysis as to whether

his residential burglary convictions were violent felonies in 2011.  The Court must examine

"both the record before the sentencing court and the relevant background legal environment at

the time of sentencing" to determine whether Dubois' sentence was based on the ACCA's

enumerated crimes clause, not the residual clause.  *Snyder*, 871 F.3d at 1128–29.

> The New Mexico aggravated burglary statute provides:
>
> Aggravated burglary consists of the unauthorized entry of any vehicle, watercraft, aircraft, dwelling or other structure, movable or immovable, with intent to commit any felony or theft therein and the person either:
>
> > A. is armed with a deadly weapon;
> > B. after entering, arms himself with a deadly weapon;
> > C. commits a battery upon any person while in such place, or in entering or leaving such place.
>
> Whoever commits aggravated burglary is guilty of a second degree felony.

N.M. STAT. ANN. § 30-16-4.  Because the statute includes vehicles, watercrafts, and aircrafts, it

is broader than generic burglary, and the sentencing court would have looked to the "charging

document, plea agreement, and plea colloquy to determine the character of [the defendant's]

admitted burglary."  *Ramon Silva*, 608 F.3d at 665–66 (internal quotation marks omitted).

In this case, Dubois pled guilty to two counts of aggravated burglary contained in a single

indictment.  *See* Docs. 59-1, 59-3; PSR ¶ 32.  The first count to which he pled guilty charged him

with "enter[ing] the dwelling house of Aaron Irving, located at 816 Kingman Ave. without

authorization or permission, with intent to commit a theft therein and was armed with a 20 gauge

rifle . . . after entering," in violation of N.M. STAT. ANN. § 30-16-4(B).  Doc. 59-1 at 1

(indictment); Doc. 59-3 at 1 (judgment listing crimes to which Dubois pled guilty).  He also pled

guilty to count VII, which charged him with "enter[ing] the dwelling of Anna Weise at 829

Austin without authorization or permission, with intent to commit a theft therein and was armed

with a .22 Marlin rifle . . . after entering," in violation of N.M. STAT. ANN. § 30-16-4(B).  Doc.

59-1 at 3; Doc. 59-3 at 1; *see also* PSR ¶ 32 (listing aggravated burglary counts to which Dubois pled guilty). Thus, in both counts he pled guilty to entering a "dwelling," which, as discussed above, is "any structure, any part of which is customarily used as living quarters." N.M. R. ANN., CRIM. UJI 14-1631. The places Dubois entered in committing aggravated burglary were structures designed to protect persons against weather or intrusion, and were not boats, vehicles, airplanes, or other conveyances whose primary purpose was transportation. His convictions for aggravated burglary therefore constituted generic burglary under the law as it existed in 2011. *See United States v. Westover*, — F. App'x —, 2017 WL 4900449, *4 (10th Cir. Oct. 31, 2017) (relevant legal background showed that defendant was convicted of generic burglaries because charging documents showed that defendant's burglaries were of "a dwelling" and two other buildings).

The record of the sentencing in this case makes no suggestion that the Court relied on the residual clause in sentencing Dubois. The presentence report simply described the convictions that made Dubois eligible for the ACCA. *See* PSR ¶ 26. The only mention of the residual clause is on page 7 of the report, where the report quotes 18 U.S.C. § 924(e)(2)(B) in its entirety. *See* PSR ¶ 26. The report did not suggest that the Court should apply the residual clause in sentencing Dubois. Further, there was no mention of the residual clause at the sentencing hearing. *See generally* Doc. 68. The only discussion of the ACCA was when Dubois' attorney explained to the Court that "[a]t the age of 21, [Dubois] committed a series of burglaries on his street and he became an instant career offender in a period of . . . 72 hours . . . ." Doc. 68 at 11–12. In sentencing Dubois, the Court noted that "[t]hese are all mandatory, mandatory times that we are talking about here because of your burglaries." *Id.* at 19. The clear implication is that the Court sentenced Dubois based on his burglary convictions under the enumerated crimes clause,

not the residual clause. And given the relevant legal background at the time, there would have been no reason for the Court to do otherwise.

Dubois argues that the Court should not apply the reasoning of *Snyder* because it would perpetuate a misapplication of the law, and because the Tenth Circuit's decision in *United States v. Titties*, 852 F.3d 1257 (10th Cir. 2017) implicitly rejected the notion that the Court cannot use post-sentencing opinions by the Supreme Court to correct an earlier sentencing mistake. Dubois' argument is fundamentally flawed because it fails to recognize that the sentencing error of which he complains was made in 2011. Dubois neither objected to the error at sentencing, nor did he challenge it on appeal. Although it may have been understandable that Dubois did not challenge the sentencing judge's conclusion that his prior burglary convictions constituted generic burglary and fell within the enumerated crimes clause of the ACCA given the Tenth Circuit's decision in *Ramon Silva*, it is that decision—not a decision that his burglary conviction fell within the residual clause—that he is complaining about here.

As was true in *Snyder*, Dubois' § 2255 arguments focus primarily on the applicability of the enumerated crimes clause. *See Snyder*, 871 F.3d at 1130. In other words, Dubois' claim is not truly a *Johnson II* claim, but instead is a claim under *Mathis*. *See id.* But the Tenth Circuit already has held, albeit in an unpublished decision, that *Mathis* did not announce a new substantive rule that is retroactively applicable to cases on collateral review. *United States v. Taylor*, 672 F. App'x 860, 864 (10th Cir. 2016) (unpublished); *see also Dawkins v. United States*, 829 F.3d 549, 551 (7th Cir. 2016) (holding that *Mathis* did not announce a new rule that would allow a second or successive habeas petition).

Further, Dubois is collaterally attacking his sentence, not taking a direct appeal. This is a key difference from the situation in *Titties*. The Supreme Court decided *Mathis* while the

defendant's direct appeal was pending in *Titties*. 852 F.3d at 1263. In general, Supreme Court decisions apply retroactively to convictions that are not yet final when the Supreme Court renders its decision. *See Giffith v. Kentucky*, 479 U.S. 314, 328 (1987) ("We therefore hold that a new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases, state or federal, pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a 'clear break' with the past."). Thus, the Tenth Circuit properly reviewed the defendant's sentence in *Titties* using the analysis announced in *Mathis* and found that the district court had incorrectly applied the modified categorical approach in imposing the defendant's sentence. *Titties*, 852 F.3d at 1266–75. Here, however, Dubois' sentence became final in 2012, several years before the *Mathis* decision. The rule with respect to cases on collateral review is different from the rule that applies to cases that are not yet final. "Unless they fall within an exception to the general rule, new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced." *Teague v. Lane*, 489 U.S. 288, 311 (1989). Thus, Dubois cannot invoke *Mathis* to collaterally attack his sentence unless the rule announced in *Mathis* falls within an exception. The Tenth Circuit already has held that no such exception applies. *Taylor*, 672 F. App'x at 864.

## IV. <u>Recommendation</u>

I recommend that the Court DENY Dubois' motion. The relevant legal background and the record of the sentencing in this case demonstrate that the Court enhanced Dubois' sentence under the enumerated crimes clause of the ACCA, not the residual clause. Furthermore, Dubois' prior residential burglary convictions under New Mexico law remain violent felonies under current law. He therefore is not entitled to resentencing under the Supreme Court's decision in *Johnson II.*

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
Laura Fashing
United States Magistrate Judge