IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.                                                     Nos.    CR 08-1164 MV
                                                                                     CIV 16-0630 MV/LF

HERMAN DUBOIS,

    Defendant/Movant.

**MEMORANDUM OPINION AND ORDER ADOPTING MAGISTRATE
JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER comes before the Court on Magistrate Judge Laura Fashing's Proposed Findings of Fact and Recommended Disposition, Doc. 73[1] (Report), and movant Herman Dubois' Objections to the Magistrate Judge's Proposed Findings and Recommended Disposition, Doc. 78. Having reviewed the record in this case, the Court overrules Dubois' objections and adopts the magistrate judge's recommendation to deny Dubois' motion.

**I.    Standard of Review**

When a party files timely written objections to the magistrate judge's recommendation, the district court generally will conduct a de novo review and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(C); *see also* FED. R. CIV. P. 72(b)(3). To preserve an issue for de novo review, "a party's objections to the magistrate judge's report and recommendation must be both timely and specific." *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).

---

[1] Citations to "Doc." are to the document number in the criminal case, case number CR 08-1164 MV, unless otherwise noted.

## II.    Discussion

The magistrate judge recommended that the Court deny Dubois' challenge to his sentence under the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015)—which held that that residual clause in the Armed Career Criminal Act (ACCA) was unconstitutionally vague—because Dubois has at least three prior convictions that qualify as violent felonies under the ACCA without reference to the residual clause.  With respect to Dubois' prior robbery conviction, the magistrate judge recommended that I follow my earlier opinion in *United States v. King*, 248 F. Supp. 3d 1062 (D.N.M. 2017) "unless and until the Tenth Circuit holds that simple robbery under New Mexico law qualifies as a violent felony under the ACCA."  Doc. 73 at 9.  With respect to Dubois' two prior residential burglary convictions, the magistrate judge recommended that I follow the Tenth Circuit's decision in *United States v. Turrieta*, 875 F.3d 1340 (10th Cir. 2017), which held that residential burglary under New Mexico law matches the generic form of burglary and therefore is categorically a violent felony under the enumerated crimes clause of the ACCA.  Doc. 73 at 12.  With respect to Dubois' two prior aggravated burglary convictions, the magistrate judge recommended that I apply the analysis set forth in *United States v. Snyder*, 871 F.3d 1122 (10th Cir. 2017) to determine that his aggravated burglary convictions constituted generic burglary under the law as it existed in 2011, when Dubois was sentenced.  *See* Doc. 73 at 12–14, 17–21.

Dubois objects to the magistrate judge's report on three grounds.  First, he argues that because the presentence report (PSR) listed only three prior felony convictions that potentially qualify as violent felonies under the ACCA, not five, the Court is precluded from relying on any conviction not specifically identified in the PSR.  Doc. 78 at 1–2.  Second, he argues that residential burglary under New Mexico law is not a violent felony under the enumerated crimes clause of the ACCA, and that the Court should decline to follow the Tenth Circuit's decision in

2

*Turrieta*. *Id.* at 2–8. Third, he argues that simple robbery under New Mexico law is not a violent felony under the elements clause of the ACCA, and that the Court should decline to follow the Tenth Circuit's recent decision in *United States v. Garcia*, 877 F.3d 944 (10th Cir. 2017), which held otherwise. *Id.* at 8–11. None of Dubois' arguments have merit.

With respect to Dubois' first claim—that the Court may not consider any felony convictions other than those specifically relied upon in the PSR as predicate offenses for the ACCA enhancement—Dubois did not raise this issue before the magistrate judge. *See* Docs. 48, 61, 71. Indeed, Dubois *invited* the magistrate judge to consider all five of his prior felony convictions. In his original motion, after discussing his prior robbery conviction and arguing that it did not qualify as a violent felony under the elements clause, he stated: "Mr. Dubois' four remaining felony offenses use[d] to classify him under the ACCA were burglaries of a dwelling house." Doc. 48 at 13. He then argued that these four prior burglary convictions did not qualify as violent felonies under the ACCA's enumerated crimes clause. *See id.* at 13–15. Dubois never suggested that the Court should not consider both his prior robbery conviction and his four prior burglary convictions in determining whether he still qualified for the ACCA enhancement. "[T]heories raised for the first time in objections to the magistrate judge's report are deemed waived." *United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001). The Court will overrule Dubois' objection to this aspect of the magistrate judge's report.

With regard to Dubois' second and third objections, which suggest that the Court should decline to follow the Tenth Circuit's decisions in *Turrieta* and *Garcia*, the Court is not free to do as Dubois suggests. "A district court must follow the precedent of this circuit, regardless of its views concerning the advantages of the precedent of our sister circuits." *United States v. Spedalieri*, 910 F.2d 707, 709 n.2 (10th Cir. 1990). *Turrieta* held that New Mexico's residential burglary offense is categorically a violent felony under the enumerated crimes clause of the

3

ACCA. 875 F.3d at 1346–47. *Garcia* held that New Mexico's robbery offense is categorically a violent felony under the ACCA's elements clause. 877 F.3d at 956. Dubois explains why he disagrees with these opinions in order to preserve his arguments on appeal. *See* Doc. 78 at 1. The Court, however, is bound by these decisions. Because Dubois has two prior residential burglary convictions and one prior robbery conviction, all under New Mexico law, he qualifies for the ACCA enhancement without reference to the ACCA's residual clause. He therefore is not entitled to relief under *Johnson.*

**III. Conclusion**

For the foregoing reasons, the Court overrules Dubois' objections (Doc. 78).

IT IS THEREFORE ORDERED that the Proposed Findings of Fact and Recommended Disposition (Doc. 73) is ADOPTED by the Court.

IT IS FURTHER ORDERED that this case is DISMISSED, and that a final judgment be entered concurrently with this order.

_____
UNITED STATES DISTRICT JUDGE